**Katrina Hurley STONE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 418–85.

Court of Criminal Appeals of Texas, En Banc.

Jan. 29, 1986.

---

Robert J. Wilson, Burleson, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, David K. Chapman, Stan Hatcher and Gary Medlin, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted of the misdemeanor offense of driving a motor vehicle in a public place while intoxicated. The jury found her guilty and assessed punishment at 30 days confinement in the Tarrant county Jail and a $500.00 fine. Appellant appealed her conviction to the Second Court of Appeals. That court reversed the conviction in a published opinion, *Stone v. State*, 685 S.W.2d 791 (Tex.App.—Fort Worth, 1985). The State petitioned this Court for discretionary review, which we granted to consider two issues arising from the court of appeals' decision to reverse the case: first, whether the court of appeals used the wrong rule when it held that the trial court should have instructed the jury on the issue of probable cause to stop the vehicle pursuant to Art. 38.23, V.A.C.C.P.; and second, whether appellant's requested instruction on that issue properly apprised the trial court of the deficiency in the charge.

During the trial, the arresting officer testified that he had stopped appellant's vehicle because he had observed her driving in a "hazardous manner," and because the vehicle was weaving in the roadway. Appellant and her witness denied that the vehicle was weaving in the rcadway, and testified that appellant was driving in a prudent manner. Thus, an issue arose concerning the officer's right to stop the vehicle.

Appellant's requested charge stated:

"You are instructed that before an officer is entitled to stop a moving vehicle, he must have probable cause to do so. In this case it is conceded that the only probable cause to stop the Defendant's vehicle was the fact that the Defendant supposedly was weaving in the highway. On the other hand, the Defendant and her witness testified that the Defendant was able to properly operate her motor vehicle on the occasion in question.

It is for you to determine at the outset of your deliberation whether or not Defendant's driving of her vehicle was such as the officer has described, and it is the burden of proof on the State in this regard that you must find the Defendant was driving as the officer indicates, beyond a reasonable doubt. In the event you are not satisfied beyond a reasonable doubt that the Defendant drove as the officer testified, then you will have no further evidence to consider, and you should bring in a verdict of acquittal."

The State objected to the requested charge on the grounds that it constituted an impermissible comment upon the evidence, did not involve an element of the offense, and was not an appropriate issue for jury consideration. The trial court stated the following:

"Of course, that probable cause instruction generally applies to—in regards to evidence and the admissibility thereof following the so-called probable cause to stop or arrest. And we don't have any evidence other than the observable type of evidence. We don't have a gun; we don't have an item that supposedly is being offered here that would make it subject to a probable cause, as the court understands it."

The charge given to the jury did not contain appellant's requested instruction.

The court of appeals noted that there can be error in failing to instruct the jury according to the provisions of Art. 38.23, V.A.C.C.P., which provides:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States or America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

The court of appeals held that the evidence was sufficient to raise the issue of lack of probable cause, appellant's requested charge sufficiently brought the omission to the court's attention, and that therefore appellant was entitled to have the jury charged on the issue of probable cause, citing *Kelly v. State*, 669 S.W.2d 720 (Tex. Cr.App.1984); *Hall v. State*, 649 S.W.2d 627 (Tex.Cr.App.1983); and *Murphy v. State*, 640 S.W.2d 297 (Tex.Cr.App.1982). The case was reversed on this holding.

We will first address the State's contention that an incorrect standard was used by the court of appeals. An officer is permitted to make a temporary investigative detention of a defendant if the officer has a reasonable suspicion that some activity out of the ordinary is or has occurred, some suggestion to connect the detainee with the unusual activity, and some indication that the activity is related to crime. *Johnson v. State*, 658 S.W.2d 623 (Tex.Cr. App.1983); *Williams v. State*, 621 S.W.2d 609 (Tex.Cr.App.1981); *Armstrong v. State*, 550 S.W.2d 25 (Tex.Cr.App.1976) (opinion on State's motion for rehearing). See also *Anderson v. State*, 701 S.W.2d 868 (Tex.Cr.App.1985). The reasonable suspicion required does not rise to the level of probable cause such as is required to justify a warrantless arrest or search. *Johnson*, supra; *Williams*, supra; *Baity v. State*, 455 S.W.2d 305 (Tex.Cr.App.1970), *cert. denied* 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158 (1971). Thus, whether the officer had probable cause to stop the vehicle was irrelevant, since he did not need probable cause to do so; rather, he needed only a

reasonable suspicion based upon articulable facts.

■ Next, we address whether appellant's requested charge sufficiently directed the trial court's attention to the deficiency in the charge. At the outset, we note that the charge was incorrect: it misstated the law both in directing the jury to consider probable cause, and then what to do if they failed to find probable cause; and, the charge constituted an impermissible comment on the weight of the evidence.

Article 36.15, V.A.C.C.P., however, does not require precise wording in the requested instruction: "The defendant may, by a special requested instruction, call the trial court's attention to error in the charge, as well as omissions therefrom, and no other exception or objection ... shall be necessary...." The requested charge must only be "sufficient to call the trial court's attention to the omission in the court's charge." *Stiles v. State,* 520 S.W.2d 894, 896–7 (Tex.Cr.App.1975). See also *Rogers v. State,* 549 S.W.2d 726 (Tex.Cr.App.1977).

In the case before us, appellant's requested charge was clearly incorrect: it misstated the law and constituted an impermissible comment on the evidence. The record shows, however, that despite the obvious errors in the requested charge, the trial court understood that appellant was objecting to the omission of an instruction regarding the officer's right to stop the vehicle. Thus, the trial court was apprised of appellant's objection to omissions in the charge.

■ We now determine whether the trial court's failure to instruct the jury on the issue of the officer's right to stop the vehicle was reversible error. In *Jordan v. State,* 562 S.W.2d 472, 473 (Tex.Cr.App. 1978), we stated:

"The terms of Article 38.23, supra, are clearly mandatory, the only issue being whether under the facts of a particular case an issue concerning the validity of the search is raised by the evidence.... [W]here such an issue of fact is raised, the defendant has a statutory right to have the jury charged."

See also *Murphy v. State,* 640 S.W.2d 297 (Tex.Cr.App.1982); *Morr v. State,* 631 S.W.2d 517 (Tex.Cr.App.1982); *Gaffney v. State,* 575 S.W.2d 537 (Tex.Cr.App.1979); and *Merriweather v. State,* 501 S.W.2d 887 (Tex.Cr.App.1973). See generally Vol. 8, McCormick and Blackwell, *Texas Practice* § 88.13 (1985). We find no reason why this rule should not apply to issues of fact raised concerning an officer's reasonable suspicion based upon articulable facts necessary to support a brief investigative detention. Thus, if an issue is raised, the trial court must submit the requested charge.

Since the evidence supporting the officer's stop of the vehicle was controverted by appellant and her witness, an issue was raised regarding the legality of the stop. Although appellant's requested charge was certainly not a model charge, the trial court was put on notice of the omission. Therefore, the trial court was statutorily bound to submit a charge on the issue to the jury. For these reasons, we hold that the trial court did commit reversible error in failing to instruct the jury on the issue of the officer's basis for stopping the vehicle.

The judgment of the court of appeals is affirmed and the case is remanded to the trial court.

ONION, P.J., and TOM G. DAVIS, J., dissent.