Somerfeld v. State 


















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-108-CR

Â Â Â Â Â Â Â Â JIMMY DON SOMMERFELD,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court
Bosque County, Texas
Trial Court # 10,867
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â A jury found Jimmy Sommerfeld guilty of driving while intoxicated (DWI) and assessed
his punishment at a $650 fine and three days in jail. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b) (Vernon Supp. 1992). He complains that the court erred when it denied his request for a jury
instruction concerning illegally seized evidence. 
Â Â Â Â Â Â Â Â Â Â At approximately 12:25 A.M., Officer Thompson, who was on patrol in Valley Mills,
observed a vehicle that appeared to be swerving. As the car approached him, it made a sharp
right-hand turn onto another street. While making the turn, the vehicle bounced off the curb and
almost struck a utility pole. Thompson turned his car around and stopped the vehicle.
Â Â Â Â Â Â Â Â Â Â As Thompson approached the car, he could smell a strong odor of an alcoholic beverage. 
He then instructed the car's driver, Sommerfeld, to get out of the vehicle. Sommerfeld had
trouble maintaining his balance when he exited his car. After he failed the field sobriety tests,
Thompson arrested him for DWI.
Â Â Â Â Â Â Â Â Â Â Sommerfeld was transported to Bosque County Jail and turned over to Trooper Jones. 
Jones administered an intoxilizer test and obtained a blood-alcohol reading of .308 and .311, triple
the .10 limit. See id. at art. 6701l-1(A)(2)(b). 
Â Â Â Â Â Â Â Â Â Â Sommerfeld argues in point one that the court erred when it refused his requested jury
instruction pertaining to illegally seized evidence. Article 38.23 of the Code of Criminal
Procedure provides:
No evidence obtained by an officer or other person in violation of any provision of the
Constitution . . . shall be admitted in evidence against the accused on the trial of any
criminal case. In any case where the legal evidence raises an issue hereunder, the jury
shall be instructed that if it believes, or has reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall
disregard any such evidence so obtained. 

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 1992).
Â Â Â Â Â Â Â Â Â Â The terms of the article are mandatory, and, when an issue of fact is raised about whether
the evidence has been illegally obtained, a defendant has a statutory right to have the jury charged
accordingly. Murphy v. State, 640 S.W.2d 297, 299 (Tex. Crim. App. 1982). The court is not,
however, required to give the instruction when the evidence does not raise the issue. Id.
Â Â Â Â Â Â Â Â Â Â Sommerfeld notes that the officer failed to include his failure to signal a turn in the offense
report. This, he claims, created a fact issue of whether the traffic stop was legal. 
Â Â Â Â Â Â Â Â Â Â An officer must have "a reasonable suspicion that some activity out of the ordinary is or
has occurred, some suggestion to connect the detainee with the unusual activity, and some
indication that the activity is related to the crime" to make an investigative stop. Stone v. State,
703 S.W.2d 652, 654 (Tex. Crim. App. 1986). Further, the reasonable suspicion must be based
on articulated facts. Id. at 654-55. 
Â Â Â Â Â Â Â Â Â Â Thompson, who lived in the area where Sommerfeld was stopped, claimed that he did not
recognize Sommerfeld's car and became suspicious because of recent burglaries in the
neighborhood. He also testified that he observed Sommerfeld swerving, making an abrupt right
turn, bouncing off a curb, and nearly hitting a utility pole. His reasonable suspicion was based
on these articulated facts, which were never controverted. See Murphy, 640 S.W.2d at 299. 
Â Â Â Â Â Â Â Â Â Â Furthermore, although Sommerfeld initially objected to testimony concerning his failure
to signal a turn, this testimony was later admitted without objection. See Butler v. State, 769
S.W.2d 234, 241 (Tex. Crim. App. 1989) (holding that error in the admission of evidence is cured
when the evidence is later admitted without objection); Moulton v. State, 486 S.W.2d 334, 337
(Tex. Crim. App. 1971) (holding that the legality of the search cannot be challenged when the
defendant relies on facts that were unobjected to at trial). 
Â Â Â Â Â Â Â Â Â Â Accordingly, because no fact issue was raised by the evidence, the court did not err when
it refused Sommerfeld's requested instruction. See Murphy, 640 S.W.2d at 299. We overrule
point one and affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed June 3, 1992
Do not publish



amily:"CG Times"'>1.   Cumulation Order.Â  In AppellantÂs first issue, he contends that
the trial court erred in granting the StateÂs motion to cumulate AppellantÂs
sentences after orally pronouncing sentence.Â 
Before imposing the cumulative sentence, the trial court asked
Appellant, ÂHaving considered the StateÂs request [to cumulate], is there any
legal reason why your client should not be sentenced in each case at this time?Â
and AppellantÂs counsel answered, ÂNo, Your Honor.ÂÂ  Appellant thus waived his complaint.Â  See
Tex. R. App. P. 33.1(a); Ex parte Madding, 70 S.W.3d 131, 136
(Tex. Crim. App. 2002); Gonzalez v.
State, 8 S.W.3d 640, 645 (Tex. Crim. App. 2000); Ponce v. State, 89 S.W.3d 110, 114 (Tex. App.ÂCorpus Christi 2002,
no pet.).Â  We overrule AppellantÂs first
issue.

2.Â Â Â  Judgment.Â  In AppellantÂs second issue, he contends that
the judgment is illegible in part.Â  If
there is any error, and we do not hold that there is, the proper vehicle for
challenging it is a motion for judgment nunc
pro tunc.Â  See Madding, 70 S.W.3d at 136 n.8; Jones v. State, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990).Â  We overrule AppellantÂs second issue.




Â Â Â Â Â  Having
overruled AppellantÂs issues in cause No. 10-03-00228-CR, we affirm the
judgment in that cause.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â  Justice Reyna

(Justice Vance concurs with a note:Â  We should address the cumulation issue rather
than holding Briones waived the complaint.Â 
An improper cumulation order is a due-process error, and the complaint
about such an error cannot be waived.Â  Ex parte Madding, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002); LaPorte v. State, 840
S.W.2d 412, 415 (Tex. Crim. App. 1992); Hurley
v. State, 130 S.W.3d 501, 503
(Tex. App.ÂDallas 2004); Nicholas v.
State, 56 S.W.3d 760, 764 (Tex.
App.ÂHouston [14th Dist.] 2001).Â  Although the Madding court rejected the characterization of Âvoid,Â it clearly
found a due-process violation.Â  I would review
the issue and find that the trial judge did not abuse his discretion.Â  Thus, I concur in affirming the judgment.)

Opinion
delivered and filed September 15, 2004

Affirmed

Do
not publish

[CRPM]