NO. 12-01-00168-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


JIMMY DON MARTIN,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW NO. 3 OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






 

 Jimmy Don Martin appeals his conviction for driving while intoxicated. Appellant pleaded
guilty and the trial court sentenced him to ten days in jail and a $500 fine. In one issue, Appellant
asserts the trial court erred in denying his motion to suppress evidence. We affirm the trial court's
judgment.

 Whitehouse Police Officer Michael Bennett testified at the hearing on Appellant's motion
to suppress. He explained that, at about 11:00 p.m. one night, he was notified by the police
dispatcher that someone had called to report a suspected intoxicated driver. The anonymous caller
specified that a white, Ford Ranger pick up truck was driving eastbound on FM 346, entering
Whitehouse, and was being driven by a white male who might be intoxicated. Officer Bennett
located the truck at the intersection of FM 346 and Highway 110 in Whitehouse. He got behind the
truck and followed it for 1.9 miles. Officer Bennett observed the truck drive on the center stripe;
then, just as a vehicle was approaching from the opposite direction, the truck's tires crossed the
center stripe. At that time, the officer testified, the truck failed to yield half the roadway to oncoming
traffic. The truck traveled at a rate of thirty-five miles per hour while Officer Bennett followed it,
even though they drove through thirty-five, forty-five, fifty, and fifty-five mile per hour zones. After
observing the truck's movements for nearly two miles and reaching an area where he could safely
do so, Officer Bennett attempted to stop Appellant. He first turned on his overhead lights but when
Appellant did not stop, he turned on his sweeper light, and finally had to activate his air horn before
Appellant stopped his truck. 

 In his sole issue, Appellant asserts that the trial court erred in denying his motion to suppress
evidence in violation of the Fourth Amendment to the United States Constitution and article one,
section nine of the Texas Constitution. He contends that the tip, which was provided by an
unidentified caller at an unknown time, was not sufficient to justify the stop. Further, Appellant
claims that Officer Bennett did not testify as to specific articulable facts supporting the reasonable
suspicion necessary to justify the initial traffic stop. 

 Appellant also argues that the officer did not present sufficient detailed testimony regarding
the alleged offenses he supposedly saw Appellant commit. The officer referred to Transportation
Code section 545.051, requiring drivers to drive on the right half of the roadway, and section
554.060, requiring drivers to drive within a single lane. See Tex. Transp. Code Ann. §§ 545.051,
545.060 (Vernon 1999). Appellant asserts the officer's testimony is insufficient to show a violation
of these statutes and thus the stop cannot be justified based on the officer's having witnessed an
offense.

 A trial court's decision on a motion to suppress is reviewed under an abuse of discretion
standard. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). An appellate court should
give almost total deference to a trial court's determination of historical facts supported by the record,
especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. 
Id. We consider de novo issues that are purely questions of law, such as whether reasonable
suspicion existed at the time of the search or seizure. Id. at 87.

 An officer may temporarily stop and investigate a vehicle if the officer has reasonable
suspicion based on articulable facts that the detainee is connected to unusual activity with some
indication that the activity is related to a crime. Stone v. State, 703 S.W.2d 652, 654 (Tex. Crim.
App. 1986). The test for "reasonable suspicion" requires consideration of the totality of the
circumstances confronting the police. Sandoval v. State, 860 S.W.2d 255, 258 (Tex. App.- Houston
[1st Dist.] 1993, pet. ref'd). Reasonable suspicion is dependent upon both the content of the
information possessed by police and its degree of reliability. Alabama v. White, 496 U.S. 325, 330,
110 S. Ct. 2412, 2416, 110 L. Ed. 2d 301 (1990). The reasonable suspicion required does not rise
to the level of probable cause such as is required to justify a warrantless search or arrest. Stone, 703
S.W.2d at 654. 

 While an anonymous tip or telephone call may, and usually will, justify the initiation of an
investigation, it alone will rarely establish the level of suspicion required to justify a detention. 
Alabama, 496 U.S. at 329, 110 S. Ct. at 2415-16; Clemons v. State, 605 S.W.2d 567, 570 (Tex.
Crim. App. 1980). There must be some further indicia of reliability, some additional facts from
which a police officer may reasonably conclude that the tip is reliable and a detention is justified. 
Alabama, 496 U.S. at 329, 110 S. Ct. at 2415-16. Corroboration by the law enforcement officer of
any information related by the informant may increase the reliability of the information. State v.
Sailo, 910 S.W.2d 184, 188 (Tex. App.- Fort Worth 1995, pet. ref'd). However, corroboration of
public facts alone will not suffice to establish reliability of an anonymous informant whose
credibility is unknown. Guevara v. State, 6 S.W.3d 759, 763 (Tex. App.- Houston [1st Dist] 1999,
pet. ref'd). We consider whether the police officer, in light of the circumstances, confirms enough
facts to reasonably conclude that the information given to him is reliable in its assertion of illegality,
not just its tendency to identify a person, and a temporary detention is thus justified. Sailo, 910
S.W.2d at 189. 

 Officer Bennett was dispatched to investigate a report of a possibly intoxicated driver. The
caller notified law enforcement that he suspected the white, male driver of a particularly described
vehicle, at a particular location, was intoxicated. Standing alone, the tip lacks the necessary indicia
of reliability because it provides no information from which to conclude the caller was honest or his
information was reliable.

 Officer Bennett testified that he saw the vehicle described by the caller. The officer
corroborated the caller's information as to the description of the truck, its driver and its location. 
While following the truck, Officer Bennett observed it cross the center stripe and then return to its
own lane. Further, Appellant inexplicably drove at a rate of thirty-five miles per hour even though
the limit changed from thirty-five up to fifty-five miles per hour. We conclude that Appellant's
conduct, and the inferences Officer Bennett could draw therefrom, gave him reason to credit the tip
from the caller. See Dowler v. State, 44 S.W.3d 666, 670-71 (Tex. App.- Austin 2001, pet. ref'd) 
(officers investigating anonymous report of possibly intoxicated driver had reasonable suspicion to
stop the vehicle after observing the vehicle's movements). Thus, the caller's indicia of reliability,
combined with Officer Bennett's corroboration of the identification details and Officer Bennett's
observations of Appellant's improper movements and unusually slow speed, viewed in the totality
of the circumstances, provided sufficient reasonable suspicion to justify the investigative stop. See
Alabama, 496 U.S. at 329-30; 110 S. Ct. at 2415-16. Because we determine that Officer Bennett
had reasonable suspicion based on the caller's tip and Officer Bennett's corroboration thereof, we
need not address Appellant's argument concerning the officer's alleged observation of a new offense. 
The trial court did not abuse its discretion by denying Appellant's motion to suppress. See Guzman,
955 S.W.2d at 89. We overrule Appellant's sole issue.

 We affirm the trial court's judgment.


 SAM GRIFFITH 

 Justice



Opinion delivered June 28, 2002.

Panel consisted of Worthen, J., and Griffith, J.












(DO NOT PUBLISH)