NUMBER 13-01-420-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




 ANTONIO SANTIAGO DE LEON , Appellant, 



v.




THE STATE OF TEXAS , Appellee.



On appeal from the 138th District Court

of Cameron County, Texas.




O P I N I O N

Before Justices Hinojosa, Rodriguez, and Baird (1)

Opinion by Justice Baird


 Appellant was charged by indictment with possession with intent to deliver a controlled substance, namely cocaine,
weighing more than four but less than two hundred grams. Following the denial of his motion to suppress, appellant
entered a plea of nolo contendre to the charged offense. The trial judge subsequently found appellant guilty, and assessed
punishment at ten years confinement in the Texas Department of Criminal Justice--Institutional Division, suspended for ten
years, and a fine of $2,500. We affirm the judgment of the trial court.

 The sole point of error contends the trial judge erred in denying appellant's motion to suppress. Harlingen police officer
Emmanuel Villarreal, the only witness at the suppression hearing, testified as follows: appellant was driving a vehicle
which ran a stop sign. Villarreal activated his emergency equipment and stopped appellant's vehicle. Villarreal asked
appellant for his driver's license, but appellant stated he did not have it. Villarreal noticed appellant had a pronounced
stutter in his voice, that he was nervous, his hands were shaking, and he began to sweat. (2) With the use of his flashlight,
Villarreal saw several baggies in the back seat area of the vehicle. Villarreal noticed that the corners were cut from the
baggies, and knew that was a common way of packaging cocaine. Villarreal asked appellant to exit the vehicle; when
appellant complied, Villarreal patted down appellant for safety purposes. As he patted appellant's front pocket, Villarreal
felt a bundle which he immediately recognized, as a result of his experience, as cocaine. Villarreal then removed the
bundle "knowing it was cocaine." (3) The bundle was fourteen smaller baggies inside of a larger baggie. Villarreal took
custody of the contraband and placed appellant under arrest. 

 At the conclusion of the hearing, the trial judge specifically found, inter alia: Villarreal had probable cause to stop the
vehicle; the baggies in the vehicle and appellant's nervousness constituted reasonable suspicion; and, Villarreal conducted a
pat down search of appellant for his own protection. 

 A trial court's ruling on a motion to suppress evidence will not be set aside unless there is an abuse of discretion. 
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor v. State, 945 S.W.2d 295, 297 (Tex.
App.-Houston [1st Dist.] 1997, pet. ref'd). Appellate courts afford almost total deference to a trial court's determination of
facts supported by the record, especially when the findings are based on the evaluation of credibility and demeanor. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 

 Circumstances short of probable cause may justify a temporary investigative detention. Terry v. Ohio, 392 U.S. 1, 15
(1968); Stone v. State, 703 S.W.2d 652, 654 (Tex. Crim. App. 1986). An officer is permitted to make a temporary
investigative detention of an individual if the officer has a reasonable suspicion that some activity out of the ordinary is or
has occurred, some suggestion to connect the detainee with the unusual activity, and some indication that the activity is
related to a crime. Stone, 703 S.W.2d at 654. The determination of the presence of reasonable suspicion is a factual one
and is made and reviewed by considering the totality of the circumstances at the time of the stop. Loesch v. State, 958
S.W.2d 830, 832 (Tex. Crim. App. 1997).

 A routine traffic stop is a detention and must be reasonable under both the United States and Texas constitutions. Davis v.
State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997). To be reasonable, a traffic stop must be temporary and last no longer
than is necessary to effectuate the purpose of the stop. Florida v. Royer, 460 U.S. 491, 500 (1983); Davis, 947 S.W.2d at
243, 245. Therefore, once the reason for the detention has been satisfied, the detention may not be used as a "fishing
expedition for unrelated criminal activity." Id. at 243. An investigative detention "must be strictly circumscribed by the
exigencies which justify its initiation." Terry,392 U.S. at 25-26. In Williams v. State, 27 S.W.3d 688 (Tex.
App.-Beaumont 2000, no pet.), the Beaumont Court of Appeals held the initial investigatory stop and pat-down search is
only justified where the officer can point to specific and articulable facts which reasonably led the officer to conclude the
suspect might possess a weapon. Id. at 692. 

 In the instant case, Villarreal testified that baggies such as those seen in the rear area of appellant's vehicle were a common
means of packaging cocaine, and the pat-down search was performed only for the purpose of determining whether appellant
was armed. (4) As noted, earlier, the trial judge found Villarreal conducted the pat down search for his protection. 
Accordingly, we hold the pat-down search was lawful in light of the holdings in Terry and Davis. See Terry, 392 U.S. at
15; Davis, 947 S.W.2d at 243, 245.

 The United States Supreme Court has further held that if a law enforcement officer lawfully pats down the outer clothing
of a suspect and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion
of privacy beyond that already authorized by the officer's search for weapons. Minnesota v. Dickerson, 508 U.S. 366, 375
(1993); Carmouche v. State, 10 S.W.3d 323, 330 (Tex. Crim. App. 2000). In this case, Villarreal immediately recognized
the bundle in appellant's pocket as cocaine. Accordingly, we hold the trial judge did not err in denying appellant's motion
to suppress evidence.

 The judgment of the trial court is affirmed.

 

CHARLES BAIRD,

Justice

Do not publish.

Tex. R. App. P. 47.2(b).

Opinion delivered and filed

this 15th day of May, 2003.

 

 

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Villarreal stated he had not seen another driver that nervous in his four years of experience with the Harlingen Police
Department. 

3. Villarreal stated that after seeing the baggies with the corners cut out that he "immediately" knew the bundle in
appellant's pocket was packaged cocaine. 

4. Specifically, Villarreal stated: "I did suspect that there were narcotics inside of the vehicle. I didn't suspect that they
would be inside [appellant's] pocket."