**Affirmed and Memorandum Opinion filed August 28, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00994-CR

---

### JERRY YORK, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the Co Crim Ct at Law No. 16**
**Harris County, Texas**
**Trial Court Cause No. 2078507**

---

### M E M O R A N D U M   O P I N I O N

Appellant Jerry York appeals his conviction of misdemeanor driving while intoxicated (DWI) following a jury trial. *See* Tex. Penal Code Ann. § 49.04(a), (b) (West Supp. 2017). The trial court assessed punishment at 180 days' confinement in the Harris County Jail but suspended the sentence with community supervision for one year.

Appellant raises three issues challenging his conviction. In his first issue,

appellant contends the trial court erred by refusing to include an instruction in the jury charge regarding the results of his breath analysis test. We overrule this issue because the requested instruction would have amounted to an improper comment on the weight of the evidence and was confusing.

In his second issue, appellant argues counsel for the State engaged in improper jury argument regarding the definition of intoxication in the jury charge. We overrule this issue because appellant did not object to the argument and thus failed to preserve error for review.

In his third issue, appellant argues the trial court erred by admitting testimony regarding his performance on a horizonal gaze nystagmus (HGN) test, which he contends was improperly administered. We overrule this issue because any variation in the administration of the test was slight and, even if the trial court erred in admitting the testimony, the error was harmless in light of other evidence. We affirm the trial court's judgment.

## BACKGROUND

At approximately 1:13 a.m. on March 6, 2016, Officer John Palacios was on duty as a patrol officer with the Houston Police Department. The officer observed appellant driving eastbound on Westheimer in a black Ford F-150 truck. Officer Palacios saw appellant move across four lanes of traffic without using a turn signal and then fail to maintain a single lane. After stopping appellant, Officer Palacios noticed that appellant's breath had a strong odor of alcohol and his eyes were red and gl[a]ssy. Officer Palacios asked appellant whether he had been drinking. Appellant admitted having consumed two margaritas earlier in the day and, prior to that, an unknown quantity of other drinks. Appellant stated he was coming from a pub but was unable to recall the name of the pub. Appellant had no difficulty producing his driver's license and documents, nor did he slur his speech.

2

Officer Palacios asked appellant to perform field sobriety tests at the scene.[1] Appellant informed Officer Palacios that he suffers from a compressed disc that affects his ankle, though the officer testified appellant did not appear to be physically handicapped or in pain. Appellant stated he would be able to perform the standardized field-sobriety tests. Officer Palacios then administered three standardized tests developed by the National Highway Traffic and Safety Administration: the HGN test, the walk-and-turn test, and the one-leg-stand test. The HGN test, which requires the subject to horizontally track a stimulus with their eyes, reveals any involuntary jerking of the eyeball caused by the introduction of alcohol into the system. Palacios testified that during the HGN test, appellant exhibited six out of six possible clues for intoxication. During the walk-and-turn test, Officer Palacios noted four out of eight clues for intoxication, and on the one-leg-stand test, he noted two out of four clues. Officer Palacios concluded that appellant was intoxicated based on the loss of use of his mental and physical faculties, and that further investigation was warranted at the station. Officer Palacios detained appellant and transferred him to the central intoxication station of the Houston Police Department.

At the central intoxication station, DWI Technician David Cameron administered the same standardized field sobriety tests to appellant on camera. With regard to the standardized field sobriety tests, Technician Cameron observed six out of six clues on the HGN test, six out of eight clues on the walk-and-turn test, and three out of four clues on the one-leg-stand test. Appellant objected to the admission of testimony regarding the results of the HGN test performed by Cameron, asserting that Cameron did not perform the test properly. Appellant argued that during one

---

[1] The patrol car operated by Officer Palacios was not equipped with video equipment and neither the stop nor the field sobriety tests were captured on video.

phase of the test, Cameron held the stimulus for three seconds—rather than the prescribed four seconds—during each of four passes. Cameron testified that failure to hold the stimulus for four seconds would be improper, but that he counted four seconds when performing the test. The trial court reviewed a video of the test and held that the difference in timing was not sufficiently significant to render the results invalid. The trial court overruled appellant's objection and denied the motion to suppress.[2]

At the station, appellant also consented to provide a breath specimen for a breath-alcohol test. At approximately 2:38 a.m., Cameron administered a breath-alcohol test on appellant using the Intoxilyzer 5000. The test revealed a breath-alcohol content of .116 at 2:38 a.m. and .113 at 2:41 a.m. Cameron concluded appellant was intoxicated.

Naketia Rogers, a technical supervisor with the Texas Department of Public Safety, also testified. Rogers is responsible for the maintenance and monitoring of the intoxilyzer machines in Harris County. She is also a forensic scientist and member of the Alcohol Testing Alliance and the International Association of Chemical Testing. After explaining the maintenance on the machine and how it works, Rogers conceded that because she did not know the time of appellant's last drink, she could not perform retrograde extrapolation. As a result, the breath-alcohol test administered to appellant measured appellant's breath alcohol content only at the time of the test, not at the time of driving.

After the State rested, appellant moved for a directed verdict on the element of intoxication as defined in the Penal Code. Appellant argued there was insufficient

---

[2] At trial, appellant presented expert testimony criticizing Cameron's administration of the HGN test and offering alternative explanations for appellant's performance on the two other field sobriety tests.

4

evidence either that he had lost the use of his mental or physical faculties or that he had an alcohol concentration of .08 or more. *See* Tex. Penal Code § 49.01(2)(A), (B) (defining intoxicated as not having normal use of mental or physical faculties by reason of the introduction of alcohol or having an alcohol concentration of .08 or more). The trial court denied the motion for directed verdict as to loss of normal use of mental or physical faculties. With regard to the per se theory of intoxication based on alcohol concentration of .08 or more, the trial court agreed with appellant. The trial court concluded that because the State's expert could not perform retrograde extrapolation, there was no evidence showing appellant's alcohol concentration at the time of driving. The trial court made clear that the breath test results remained admissible and relevant to other issues, but that the per se theory of intoxication based on alcohol concentration would not be submitted to the jury.

During the charge conference, appellant requested a limiting instruction regarding use of the breath analysis. The trial court considered the requested instruction, noting that the parties did discuss the theory of intoxication based on .08 alcohol concentration during voir dire. The court ultimately denied the requested instruction, however, citing a concern that it would be a comment on the weight of the evidence. During closing argument, appellant's counsel highlighted the fact that the trial court did not instruct the jury on the .08 definition of intoxication because the State failed to prove it. The prosecutor argued in her closing argument that there were three ways to prove intoxication and that the jury only had to believe the State proved one of those three ways beyond a reasonable doubt. After discussing the other evidence of intoxication in the case, the prosecutor urged the jury to find appellant was driving while intoxicated. The jury returned a verdict of guilty and this appeal followed.

ANALYSIS

## I.    The trial court properly refused appellant's requested jury instruction.

In his first issue, appellant argues the trial court erred by refusing his request for a jury charge instruction that would have limited the jury's consideration of the testimony concerning the results of his breath-alcohol test.  In reviewing a complaint of charge error, we first consider whether error exists.  *See Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984); *Navarro v. State*, 469 S.W.3d 687, 698 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).  If error exists, we then analyze whether the error was harmful under the procedural framework in *Almanza*.  *See Navarro*, 469 S.W.3d at 698.  Under *Almanza*, if the appellant properly objected at trial, then reversal is required upon a showing of some harm.  *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Navarro*, 469 S.W.3d at 698.

Article 36.14 of the Code of Criminal Procedure requires the trial court to provide "a written charge distinctly setting forth the law applicable to the case."  Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007).  The trial court must do so without expressing an opinion as to the weight of the evidence, summing up the testimony, discussing the facts, or including argument that would arouse the sympathy or passions of the jury.  *Id.*  In this case, the trial court included a definition of intoxication that stated: "[i]ntoxicated" means not having the normal use of one's mental or physical faculties by reason of the introduction of alcohol into the body."  This definition tracks that provided in the Texas Penal Code and is known as the impairment theory of intoxication.  Tex. Penal Code § 49.01(2)(A); *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010).  As noted above, the trial court granted appellant's motion for directed verdict with regard to the second theory of intoxication—known as per se intoxication—because of a lack of evidence of alcohol concentration of .08 or more at the time of driving, and that theory was not

6

included in the charge.

Appellant requested that the trial court also include the following instruction in the charge:

> You are instructed that evidence was admitted regarding a blood alcohol analysis; however, you are not to consider this as evidence that Defendant may have been at or above a .08 at the time of driving or as evidence regarding his breath alcohol result. You may, if you choose to, consider it for other purposes, should you choose to do so.

The State argues that the trial court properly refused this instruction because appellant did not request a limiting instruction at the time evidence of the breath alcohol test was admitted. *See Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001) (if appellant fails to request limiting instruction at time evidence is offered where it is apparent limiting instruction would be proper, trial court has no obligation to include instruction in jury charge). According to the State, appellant knew that Rogers could not perform retrograde extrapolation on the results and in fact objected to the State presenting any retrograde extrapolation. Therefore, appellant should have requested a limiting instruction at that point. Appellant contends he was not required to request the instruction at the time the evidence was offered because he did not then know that the trial court would grant a directed verdict on the per se theory of intoxication. *See Hammock*, 46 S.W.3d at 895 n.7 (noting that in some cases a defendant will not know evidence is subject to a limiting instruction until it becomes apparent later in trial). The requested instruction was based on the trial court's decision to take the per se theory away from the jury. Thus, we agree with appellant that his request for an instruction was not untimely.

We conclude that the trial court properly refused the requested instruction, however, because the instruction amounted to an impermissible comment on the weight of the evidence. The trial court admitted State's Exhibit 5, the breath test

7

results, without any limitation. Rogers discussed the results and explained that without retrograde extrapolation, the breath results were representative of breath alcohol concentration at the time of the test but not at the time of driving. Unless a statute, rule of evidence, or judicial precedent restricts admissibility of evidence to a specific, limited purpose, the trial court is forbidden from instructing or limiting the jury's consideration of the admitted evidence in a criminal case. *Kirsch*, 306 S.W.3d at 747. To do so amounts to a comment on the weight of the evidence. *Id.* As the Court of Criminal Appeals explained in *Kirsch*, "[t]here is . . . no Texas statute, rule of evidence, or judicial precedent that limits the jury's consideration of an otherwise admissible BAC-test result." *Id.* Thus, an instruction to the jury that it could not consider the breath-alcohol test results in the manner requested by appellant would be an improper comment on the weight of the evidence. *See id.* (concluding trial court commented on weight of evidence by instructing jury that BAC-test results should only be considered for limited purpose of showing the individual who was tested had ingested alcohol at some point before the time of the test).

We also conclude the trial court did not err in refusing the requested instruction because it was confusing and incorrect under the law. *See Mutscher v. State*, 514 S.W.2d 905, 926 (Tex. Crim. App. 1974); *Villani v. State*, 116 S.W.3d 297, 308 (Tex. App.—Houston [14th Dist.] 2003, pet.ref'd) ("The trial court properly refused to submit these instructions to the jury because each instruction misstates the law.") The instruction referenced a blood alcohol analysis, yet no blood alcohol analysis was performed in this case. Rogers testified that blood tests and breath tests are different and yield different results. Thus, an instruction referencing blood alcohol when the only test performed was a breath alcohol test could confuse the jury.

8

In addition, as the Court of Criminal Appeals has explained, the jury may consider the results of a breath alcohol test in determining whether appellant was intoxicated under either a per se theory or an impairment theory. The breath alcohol analysis is probative, though not conclusive, of whether appellant was intoxicated at the time of the offense. *See State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005) (intoxilyzer results, even without retrograde extrapolation, "make it more probable that [defendant] was intoxicated at the time of driving under both the per se and impairment definitions of intoxication."); *see also Kirsch*, 306 S.W.3d at 744 ("Although we stated that the test result was not 'conclusive' evidence of the defendant's intoxication at the time she was driving, it was probative. . . ."). Thus, an instruction limiting the jury's consideration of appellant's breath alcohol results would be incorrect, and the trial court did not abuse its discretion in refusing the requested instruction. *Mutscher*, 514 S.W.2d at 926; *Villani*, 116 S.W.3d at 308.

To the extent appellant contends that his proposed instruction was sufficient to alert the trial court to an omission in the jury charge,[3] we conclude there was no omission. In accordance with the directed verdict on the per se theory of intoxication, the court's charge permitted the jury to find appellant guilty of intoxication only under the impairment theory. The charge did not include the per se theory, and the trial court allowed appellant to argue and point out in his closing argument that the per se theory was no longer available to support a conviction. Because the court's charge correctly submitted the intoxication issue to the jury in light of its ruling, there was no error in the omission of an instruction regarding appellant's breath alcohol test results. *See Villani*, 116 S.W.3d at 309. We overrule

---

[3] *See Stone v. State*, 703 S.W.2d 652, 655 (Tex. Crim. App. 1986) (requested instruction that was clearly incorrect because it misstated the law and constituted a comment on the weight of the evidence nevertheless alerted trial court to omission in court's charge).

appellant's first issue.

## II. Appellant is not entitled to a new trial based on allegedly improper jury argument.

In his second issue, appellant contends he did not receive a fair trial because the prosecutor improperly implied to the jury in closing argument that the jury could consider "all three definitions of intoxication despite the Court granting a directed verdict on the .08 BAC definition of intoxication." Appellant specifically complains of the following statements by counsel:

> And we discussed that there are three ways that I can prove intoxication to you. And you don't have to believe that I have proved each of those three ways. You only have to believe I have proven it to you beyond a reasonable doubt one of those ways.

We conclude appellant did not preserve this challenge for our review because he made no objection.

To preserve a challenge to allegedly improper jury argument, a defendant must object at the time of argument and pursue the objection to an adverse ruling. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Moreno v. State*, 195 S.W.3d 321, 329 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). Appellant argues that an exception to this rule exists if the jury argument is so prejudicial that an instruction to disregard would not have cured the harm, citing *Harris v. State*, 784 S.W.2d 5, 12 (Tex. Crim. App. 1989). In *Cockrell*, the Court of Criminal Appeals rejected the exception referred to in *Harris*. *See Cockrell*, 933 S.W.2d at 89 ("Before a defendant will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous jury argument, he will have to show he objected and pursued his objection to an adverse ruling."). By failing to object timely to the prosecutor's statements at closing argument and secure an adverse ruling, appellant has forfeited his right to complain

10

on appeal. *Id.*; *see Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002) (declining request to overrule *Cockrell*); *Moreno*, 195 S.W.3d at 329. We overrule appellant's second issue.

### III. Appellant is not entitled to a new trial based on the failure to exclude testimony regarding the HGN test administered by Cameron.

In his third issue, appellant argues the trial court erred in overruling his objection to testimony regarding the HGN test performed by Cameron. Appellant timely objected to Cameron's testimony regarding the HGN test he performed and moved to suppress the evidence at trial. The trial court overruled the motion and denied appellant's motion to suppress.

We review a trial court's decision on a motion to suppress for an abuse of discretion, and we will overturn that ruling only if it is outside the zone of reasonable disagreement. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011); *Avellaneda v. State*, 496 S.W.3d 311, 315-16 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We view the evidence in the light most favorable to the trial court's ruling. *Avellaneda*, 496 S.W.3d at 316. We defer to the trial court's determinations of fact that are supported by the record and review legal rulings de novo. *See id.* Where no explicit findings of fact are made by the trial court, we infer the necessary factual findings to support the trial court's ruling if the record supports those findings. *Neale v. State*, 525 S.W.3d 800, 806 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Testimony concerning HGN test results is scientific evidence subject to the requirements of *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992). *See Emerson v. State*, 880 S.W.2d 759, 763 (Tex. Crim. App. 1994); *Plouff v. State*, 192 S.W.3d 213, 218 (Tex. App.—Houston [14th Dist.] 2006, no pet.). As scientific evidence, testimony concerning an HGN test must satisfy the admissibility standards

11

of Texas Rule of Evidence 702. *Plouff*, 192 S.W.3d at 218. Rule 702 requires scientific testimony to be both relevant and reliable. *Id.* To be reliable, the evidence must be based on: (1) a valid scientific theory; (2) a valid technique applying the theory; and (3) a validly applied technique on the occasion in question. *Id.* (citing *Kelly*, 824 S.W.2d at 572).

Appellant argues that Technician Cameron did not correctly apply the HGN test to appellant under the NHTSA standards because Cameron held the stimulus during the "distinct and sustained nystagmus" phase for only three seconds—rather than the required minimum of four seconds—on each pass. Appellant cites testimony from Officer Palacios, Technician Cameron, and his own expert, Dr. Valentine, that the test would be improperly applied if the stimulus were held less than four seconds.

We conclude the trial court did not err in denying the motion to suppress. Cameron testified that he counted to four and properly administered the test. But even assuming he did not, a difference of one second would amount to only a slight variation in timing that does not affect the admissibility of the HGN test. *See Neale*, 525 S.W.3d at 810 ("such slight deviations in timing do not affect the validity of the test; instead, these differences go to the weight of the evidence, rather than its admissibility").[4]

Yet even if the trial court erred in admitting Cameron's testimony concerning the HGN test, the error would be harmless. Error in the admission of evidence is nonconstitutional error. *See Plouff*, 192 S.W.3d at 222. We review the error in the

---

[4] *See also Compton v. State*, 120 S.W.3d 375, 378-79 (Tex. App.—Texarkana 2003, pet. ref'd) (variation in time taken to position eyes did not affect reliability of HGN test); *cf. McRae v. State*, 152 S.W.3d 739, 743 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (finding more than slight variation where officer admitted to making several misstatements concerning the test and that the HGN test was not valid)

context of the entire record to determine whether the error affected the substantial rights of the defendant. *Motilla v. State*, 78 S.W.3d 352, 355-56 (Tex. Crim. App. 2002). Absent an effect on the substantial rights of the defendant, a reviewing court must disregard the error. Tex. R. App. P. 44.2(b); *Plouff*, 192 S.W.3d at 222. A defendant's substantial rights are affected if the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). In determining whether error is harmful, we are guided by "whether the State emphasized the error, whether the erroneously admitted evidence was cumulative, and whether it was elicited from an expert." *Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003).

Although the prosecutor briefly mentioned Cameron's HGN test in her closing argument, the State did not dwell on or emphasize the testimony before the jury. In addition, the testimony from Technician Cameron was cumulative of other properly admitted evidence. The jury heard the testimony of Officer Palacios regarding the HGN test he administered to appellant at the scene. Appellant acknowledged that Officer Palacios is qualified by training to administer the HGN test and that he did so properly. Like Technician Cameron, Officer Palacios found appellant exhibited six out of six clues on the HGN test. The jury also heard other evidence of intoxication, including appellant's admission that he had been drinking, his failure to recall the pub from which he was driving at the time of the stop, and the clues he exhibited on the other standardized field sobriety tests. Although Technician Cameron was considered an expert, so was Officer Palacios with regard to the unchallenged HGN test, thus weighing against a finding of harm. We conclude that, in the context of the entire record, any error in admitting testimony regarding Cameron's HGN test did not affect appellant's substantial rights and did not have a substantial or injurious effect on the jury's verdict. *See King*, 953 S.W.2d

13

at 271; *Plouff*, 192 S.W.3d at 223.  Accordingly, we overrule appellant's third issue.

## CONCLUSION

Having overruled each of appellant's issues on appeal, we affirm the trial court's judgment.


/s/    J. Brett Busby
       Justice


Panel consists of Chief Justice Frost and Justices Busby and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).