**Thomas GRANT, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–86–00930–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 6, 1987.

Rehearing Denied Sept. 17, 1987.

Logene Foster, Foster, Pope & Orsak, Sugerland, for appellant.

Richard Dawson, Silva V. Pubchara, Sam W. Dick, Fort Bend Asst. Dist. Attys., Richmond, for appellee.

Before JACK SMITH, SAM BASS and DUNN, JJ.

JACK SMITH, Justice.

This appeal is from a conviction in which a jury found appellant guilty of driving while intoxicated. The court assessed punishment at 90 days confinement and a $2,000 fine, probated for 24 months.

In point of error one, appellant contends that the trial court erred in admitting into evidence oral statements made by appellant while under arrest and without having been given any *Miranda* warnings.

The arresting officer testified that he stopped appellant because appellant was driving in excess of the speed limit, and was crossing over the center line. He stated that he did not give appellant his *Miranda* warnings, and he did not solicit any questions, but appellant asked him, "Do you know who I am? I am a former mayor of this town. Are you sure you want to arrest me?"

Although appellant's statements were made after he had been arrested and before *Miranda* warnings were given, they were not the result of custodial interrogation, but were volunteered. As such, the statements are admissible under Tex.Code Crim.P.Ann. art. 38.22, sec. 5 (Vernon 1979), because they were statements not stemming from custodial interrogation. *See Chambliss v. State*, 647 S.W.2d 257 (Tex.Crim.App.1983).

Point of error one is overruled.

In his second and third points of error, appellant contends that the trial court erred in refusing to grant his motion for a mistrial when the State, in closing argument, continued to argue that the refusal to take a breath test was an indication of guilt.

During the guilt/innocence stage, the prosecutor argued:

Test refusal. He said that he didn't take the test because he didn't trust that instrument. He's a lawyer. He's not someone that doesn't know what he's doing. He said he tried cases. He said he has presented evidence to the jury. He has represented plaintiffs. He has represented defendants. He knows what it takes to prove a case.

Appellant objected, and the trial court sustained the objection. The prosecutor then stated, "Well, he refused to take the test. He knew that if he would have blown below the test, what is legally required." Appellant again objected, asked that the jury be instructed to disregard the argument, and requested a mistrial. The trial court again sustained the objection, and instructed the jury to disregard, but refused to grant a mistrial. The prosecutor asked, "Would you have taken a test under those conditions? He knew he couldn't pass it." Appellant's attorney again objected, asked for an instruction to disregard, and requested a mistrial. The trial court again sustained the objection and instructed the jury to disregard, but overruled the motion for mistrial.

The court's charge on the refusal to take a breath test stated:

In this case testimony has been introduced that the defendant was offered an opportunity to give a specimen of his breath for the purpose of making an analysis of such specimen to determine the "alcohol concentration" of his breath. The evidence introduced was to the effect that the defendant expressly refused to give a specimen of his breath. If you believe such evidence beyond a reasonable doubt, it cannot be considered as evidence that the defendant was "intoxicated" as that term is defined herein, nor may you consider such evidence as showing that the defendant was not "intoxicated." In your deliberations you must not consider for any purpose, allude to, comment on or discuss the refusal of the defendant to provide a specimen of his breath as evidence that he was or was not intoxicated. This evidence has been introduced for the sole purpose of proving, if you so find beyond a reasonable doubt, that the test was offered and the

defendant refused to give a specimen of his breath.

■ As to the prosecutor's first statement, appellant asked for no further relief than an objection, which was sustained. However, the other two statements were contrary to the court's charge, alluded to matters outside the record, and were improper. The prosecutor admitted that she believed that the instruction was improper and that she could argue the way she thought the law ought to be. The import of the prosecutor's statement is that appellant could not pass the breath test, that he knew he could not pass the test, and that he knew the legal effect of failing to pass the test.

■ It is well recognized that the State and the accused are entitled to give reasonable explanations of the law. *Eckert v. State*, 672 S.W.2d 600, 603 (Tex. App.—Austin 1984, pet. ref'd). However, no party may make a statement of what purports to be the law, when the same is not contained in the court's charge. *Id.* Any argument that contains a statement of the law contrary to the court's charge is erroneous and is an improper argument. *Burke v. State*, 652 S.W.2d 788, 790 (Tex. Crim.App.1983). Error in the argument does not lie in going beyond the charge, but lies in stating the law contrary to the same. *Mauldin v. State*, 628 S.W.2d 793, 795 (Tex.Crim.App.1982).

The State maintains that it objected to the law stated in the jury instruction in the judge's chambers, out of the court reporter's presence. However, no written objection was filed or dictated to the court reporter in the presence of the court and counsel, as required by Tex.Code Crim.P. Ann. art. 36.14 (Vernon Supp.1987). The record states that the State announced that it had no objections to the court's charge. If the State had an objection to the charge, it should have timely objected on the record, instead of waiting until the hearing on its motion to supplement the record.

Generally, an instruction to disregard is sufficient to cure prosecutorial misconduct; however, an exception to this rule exists where the remark appears to be clearly calculated to inflame the minds of the jury and of such character as to suggest the impossibility of withdrawing the impression from their minds. *Kelley v. State*, 677 S.W.2d 34, 36 (Tex.Crim.App.1984).

■ In the present case, the State repeatedly exceeded the bounds of acceptable jury argument. The prosecutorial argument ignored the trial court's rulings, stated as fact evidence that was not in the record, and drew conclusions from facts not in evidence. Furthermore, the prosecutor's argument on the law was contrary to the court's charge. While the trial court sustained each objection and admonished the jury to disregard the State's improper argument, the likelihood of the jury doing so was successively diminished. *Lopez v. State*, 705 S.W.2d 296, 298 (Tex.App.—San Antonio 1986, no pet.); *see also Cook v. State*, 537 S.W.2d 258, 561 (Tex.Crim.App. 1976). We conclude that the prosecutor's argument was so prejudicial that the court's rulings could not overcome the harm sustained by the appellant.

Appellant's second and third points of error are sustained.

In his fourth and fifth points of error, appellant contends that the trial court erred in overruling his objection to the charge relating to probable cause, and in refusing to grant the defendant's instruction regarding probable cause. Appellant contends that the charge should have included a statement that if the arrest was without probable cause or the stop made without reasonable suspicion, that the jury should disregard the evidence and return a verdict of acquittal.

Appellant objected to the charge and requested a special instruction, which was overruled by the trial court. The charge stated:

Now, therefore, bearing in mind the foregoing instructions if you find from the evidence, if any, beyond a reasonable doubt, that the Mercury automobile was stopped by a police officer in a bona fide stop or arrest for the traffic offense of speeding, and that officer, while questioning the driver of said vehicle, ac-

quired probable cause to believe, and did believe, that the driver was intoxicated, then the resulting arrest of said driver was lawful, and you may consider the evidence resulting from such arrest, if any, in your deliberations.

If you find the initial stop or arrest of the driver of said Mercury automobile was without probable cause, as that term is defined, or if you have a reasonable doubt thereof, then you will wholly disregard any evidence arising from such arrest of the driver and not consider it as any evidence whatsoever.

Appellant argues that according to *Stone v. State*, 703 S.W.2d 652 (Tex.Crim.App. 1986), the instruction that should have been given was that if the arrest was without probable cause or reasonable suspicion, the jury should return a verdict of not guilty.

In *Stone*, the court held that a charge, which was similar to the charge requested by appellant in the present case, was incorrect in that, "it misstated the law both in directing the jury to consider probable cause, and then what to do if they failed to find probable cause; and the charge constituted an impermissible comment on the weight of the evidence." *Id.* at 655. The court further found that since there was controverted evidence concerning the legality of the stop, the trial court should have instructed the jury on the issue of the officer's basis for the stop. *Id.*

■ In the present case, there was evidence challenging the validity of the stop. Therefore, the charge should have included an instruction that if the jury has a reasonable doubt that the evidence was legally obtained, it should disregard any such evidence. The charge correctly instructed the jury to determine whether the stop and arrest were lawful, and if they were not, to disregard any evidence arising from such arrest and not to consider it as any evidence. Thus, the court's charge did not contravene the holding in *Stone v. State*, 703 S.W.2d 652 (Tex.Crim.App.1986).

Appellant's fourth and fifth points of error are overruled.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.