Michael Anthony Fuller v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-019-CR

     MICHAEL ANTHONY FULLER,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 26,433
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Fuller was convicted of injury to an elderly person. He received a five-year probated
sentence, with 90 days in jail. He raised two issues on appeal: (1) legally insufficient evidence,
and (2) improper jury argument. We reversed for legally insufficient evidence, because the victim
was identified during trial only as “Mr. Fuller” and “Buddy” and was never identified as “Olen
M. Fuller” as alleged in the indictment and charged to the jury.
      The Court of Criminal Appeals held that, under Gollihar v. State, 46 S.W.3d 243, 255-56
(Tex. Crim. App. 2001), this was an immaterial variance between the evidence and the indictment,
and it reversed our judgment and remanded the cause to us for further proceedings. Fuller v.
State, 73 S.W.3d 250 (Tex. Crim. App. 2002).
      Our first opinion did not address the jury argument issue. The record shows that defense
counsel, during closing argument, made a comment which, fairly interpreted, implied to the jury
that defense counsel had made the decision that Fuller would not testify, which is why some details
were not in evidence. The prosecutor objected that defense counsel was misleading the jury,
because ultimately it is the defendant’s choice whether or not to testify. The defense objected that
the prosecutor was commenting on Fuller’s not testifying. The judge gave an instruction to
disregard the prosecutor’s comment and denied a motion for mistrial.
      The prosecutor’s closing statements cannot themselves be error. Rather, it is the trial court’s
responses to defense counsel’s objections to improper statements that may be error. Chimney v.
State, 6 S.W.3d 681, 703 (Tex. App.—Waco 1999, no pet.). (The threshold question is, of
course, whether the statements were improper.) Usually three types of responses by the trial
court, and therefore errors, are possible: (1) overruling an objection to the prosecutor’s improper
statement; (2) granting the objection, but denying a request for an instruction to the jury to
disregard the statement; and (3) granting the objection and instructing the jury to disregard, but
denying a motion for a mistrial. Id.
      By giving the instruction to disregard, the trial court implicitly sustained defense counsel’s
objection. Therefore, we review for whether the instruction to the jury was sufficient to cure the
prejudicial effect of the prosecutor’s statement. Chimney v. State, 6 S.W.3d 681, 703 (Tex.
App.—Waco 1999, no pet.). When it appears that the statement is clearly calculated to inflame
the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the
impression produced on their minds, an instruction will not cure the prejudicial effect and there
is error in not granting the motion. Grant v. State, 738 S.W.2d 309, 311 (Tex. App.—Houston
[1st Dist.] 1987, pet. ref’d) (citing Kelley v. State, 677 S.W.2d 34, 36 (Tex. Crim. App. 1984)
(regarding improper evidence)); e.g., Reed v. State, 991 S.W.2d 354, 363-64 (Tex. App.—Corpus
Christi 1999, pet. ref’d) (In a single-victim, single-assault case, references by the prosecutor in
closing argument about other possible victims of child-sexual assault were not cured by a jury
instruction.).
      Under the circumstances in Fuller’s case, we find that the prosecutor’s statement was not
“calculated to inflame the minds of the jury” or of “such a character as to suggest the impossibility
of withdrawing the impression produced on their minds.” Grant, 738 S.W.2d at 311. Thus, we
find the instruction was sufficient to cure any prejudicial effect of the prosecutor’s statement. 
Chimney, 6 S.W.3d at 703.
      We overrule the issue and affirm the judgment.
 
BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed September 18, 2002
Do not publish

[CR25]