In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00547-CR


____________________



JAIME DAWN HARTIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 06-219252






 MEMORANDUM OPINION


 Jaime Dawn Hartin appeals her conviction for driving while intoxicated. She
contends the trial court erred by excluding her mother's opinions about Hartin's behavior
which were based, in part, on her review of the videotape the State trooper made during the
stop. Hartin also claims the trial court erred in excluding a demonstrative exhibit during her
attorney's closing argument. We affirm.


Background

 Trooper James DeFrance stopped Hartin after observing her commit several traffic
violations. When she stepped out of her car, Trooper DeFrance smelled "a very strong odor
of an alcoholic beverage on her breath[.]" After Hartin admitted drinking two to three glasses
of wine, Trooper DeFrance gave her two field sobriety tests. Of the tests she performed,
Hartin demonstrated six out of six clues of intoxication on the horizontal gaze nystagmus test
and seven out of eight clues of intoxication on the walk-and-turn test. After forming the
opinion that Hartin was intoxicated, Trooper DeFrance arrested her. The record includes a
videotape depicting the stop admitted into evidence during the trial.

 Hartin chose to testify at her trial. She blamed her difficulty in performing the walk-and-turn test on her weight and her fear of the officer. Hartin refused Trooper DeFrance's
request that she perform the one-leg stand; she also refused his request to provide a breath
test. The jury convicted Hartin of driving while intoxicated. Hartin raises three issues in her
appeal.

Exclusion of Testimony


 In her first issue, Hartin challenges the trial court's decision to exclude from evidence 
Claudia Potter's opinion that addressed whether Hartin appeared intoxicated. Potter is
Hartin's mother, and her opinions were based on her knowledge of her daughter's
experiences and watching the videotape of the stop. Hartin alleges that the trial court's
denial of her mother's testimony deprived her of due process in presenting a complete
defense. In the alternative, Hartin claims the testimony was admissible pursuant to Texas
Rule of Evidence 701.

 Texas Rule of Evidence 701 provides that if a witness is not testifying as an expert,
testimony in the form of opinions or inferences must be limited to opinions or inferences that
are rationally based on the perception of the witness and helpful to a clear understanding of
the testimony or the determination of a fact in issue. See Tex. R. Evid. 701. Whether
opinions offered by lay witnesses satisfy the two requirements of Rule 701 is a decision
within the sound discretion of the trial court; the court's decision regarding admissibility is
reviewed under an abuse of discretion standard. Fairow v. State, 943 S.W.2d 895, 901 (Tex.
Crim. App. 1997). "[I]f there is evidence in the record supporting the trial court's decision
to admit or exclude an opinion under Rule 701, there is no abuse and the appellate court must
defer to that decision." Id.

 Rule 701's requirement that lay opinion testimony be based on the witness's
perceptions incorporates the personal knowledge requirement of Rule of Evidence 602. See
Tex. R. Evid. 602, 701; Fairow, 943 S.W.2d at 898; see also Osbourn v. State, 92 S.W.3d
531, 535 (Tex. Crim. App. 2002). 

 Perceptions refer to a witness's interpretation of information
acquired through his or her own senses or experiences at the
time of the event (i.e., things the witness saw, heard, smelled,
touched, felt, or tasted). Since Rule 701 requires the testimony
to be based on the witness's perception, it is necessary that the
witness personally observed or experienced the events about
which he or she is testifying. 


Osbourn, 92 S.W.3d at 535. If the proponent of the testimony cannot establish personal
knowledge, the trial court should exclude the testimony. Fairow, 943 S.W.2d at 898. 

 Potter did not personally observe the stop or Hartin's interaction with Trooper
DeFrance prior to her arrest. Therefore, Potter's lay opinion was not based on personal
knowledge that she had acquired at the time of the event. 

 "Opinion testimony that is conclusory or speculative is not relevant evidence[.]"
Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp., 136 S.W.3d 227, 232 (Tex.
2004). The trial court excluded Potter's testimony because it was speculative lay opinion
testimony; thus it was not relevant. 

 In light of our conclusion that Potter's testimony was not relevant to the issue in
dispute, we need not reach Hartin's due process argument. See generally United States v.
Scheffer, 523 U.S. 303, 308-09, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (recognizing that
State lawmakers have broad latitude under the Constitution to establish rules excluding
evidence from criminal trials; therefore, a rule that ensures that only reliable evidence be
presented at trial serves a legitimate interest and does not unconstitutionally abridge the right
to present a defense). We overrule Hartin's first issue.

 In her second issue, Hartin argues the trial court erred by excluding Potter's opinion
testimony offered to explain that Hartin's past experience with her stepfather explained why
she had refused to cooperate with Trooper DeFrance's requests. Hartin contends that "a lay
witness may give an opinion regarding a third party's culpable mental state."

 Although a witness does not possess personal knowledge of another's mental state,
the witness may possess personal knowledge of facts from which an opinion regarding
mental state may be drawn. Fairow, 943 S.W.2d at 899. To satisfy the perception
requirement of Rule 701, the proponent of the lay opinion testimony must establish personal
knowledge of the facts underlying the opinion. See Tex. R. Evid. 602, 701; Fairow, 943
S.W.2d at 898. Establishing personal knowledge with respect to lay opinion requires that the
witness personally observe or experience the events about which he or she is testifying. 
Osbourn, 92 S.W.3d at 535; see, e.g., Doyle v. State, 875 S.W.2d 21, 23 (Tex. App.-Tyler
1994, no pet.) (holding that prison guards could give opinions on whether a blow with a fist
was intentional or accidental because they witnessed the attack and their opinions were
rationally based on what they saw).

 Potter was not present at the stop. Thus, while Potter might have had personal
knowledge of some past events concerning Hartin, Potter did not have personal knowledge
of the facts surrounding the stop on which her opinion depended. Because Potter did not
personally observe or experience the events leading up to Hartin's arrest, the proposed
testimony did not meet the requirements of Rule 701. As a result, the trial court properly
excluded Potter's personal opinion offered to explain why Hartin had refused to cooperate
with Trooper DeFrance's requests. We overrule Hartin's second issue.

Exclusion of Demonstrative Evidence

 In Hartin's third issue, she asserts that the trial court erred in refusing to allow her
attorney to use a "Burden of Proof" chart during his closing argument. Although excluded
by the trial court, the record includes a copy of the chart and the information it contained.

 Hartin claims the trial court's exclusion of the chart, combined with excluding Potter's
opinion, "made it impossible for [Hartin] to get a fair trial in this case." Hartin contends the
chart "was going to be used to show the jury what a high standard it is to prove guilt beyond
a reasonable doubt." 

 Despite the requirement to provide relevant citation to authority under Texas Rule of
Appellate Procedure 38.1, Hartin cites no authorities to support her claim that the trial court
erred in excluding her demonstrative evidence. See Bell v. State, 90 S.W.3d 301, 305 (Tex.
Crim. App. 2002) ("It is incumbent upon appellant to cite specific legal authority and to
provide legal arguments based upon that authority."). Moreover, a trial court has the
discretion to permit counsel the use of visual aids, including charts, to assist juries in
summarizing the evidence. Markey v. State, 996 S.W.2d 226, 231 (Tex. App.-Houston [14th
Dist.] 1999, no pet.) (citing several cases); see also Clay v. State, 592 S.W.2d 609, 613 (Tex.
Crim. App. [Panel Op.] 1980). During closing argument, the State and defense counsel are
both entitled to give a reasonable and proper explanation of the law contained in the jury
charge. Wilder v. State, 583 S.W.2d 349, 362 (Tex. Crim. App. 1979), overruled on other
grounds by Green v. State, 682 S.W.2d 271, 287 (Tex. Crim. App. 1984); Grant v. State, 738
S.W.2d 309, 311 (Tex. App.-Houston [1st Dist.] 1987, pet. ref'd). However, neither party
may make a statement of what purports to be the law when that statement of law is not
contained in the charge. Grant, 738 S.W.2d at 311. With respect to defining beyond a
reasonable doubt, the Court of Criminal Appeals has directed that "the better practice is to
give no definition of reasonable doubt at all to the jury." Paulson v. State, 28 S.W.3d 570,
573 (Tex. Crim. App. 2000). 

 In this case, the jury charge did not define beyond a reasonable doubt. The chart
Hartin asked to use during argument contains a colored column with the phrase "GUILT
BEYOND A REASONABLE DOUBT" at the top and "PROVEN NOT GUILTY" at the
bottom. Between these phrases are other phrases such as: "GUILT HIGHLY LIKELY,"
"POSSIBLY GUILTY," "MAYBE NOT," "PROBABLY NOT," and "LESS THAN
LIKELY." The trial court could have reasonably concluded that the chart attempted to define
beyond a reasonable doubt in terms of gradations of proof that might tend to mislead or
confuse the jury. Further, the demonstrative exhibit is not connected to any evidence
admitted during trial; therefore, it is not a summary of the evidence. 

 Hartin's argument fails to persuade us that the trial court abused its discretion in
excluding the chart. We overrule her third issue and affirm the trial court's judgment.

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on February 12, 2009

Opinion Delivered April 22, 2009

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.