Katrina Hurley STONE, Appellant,

v.

The STATE of Texas, State.

No. 2–84–062–CR.

Court of Appeals of Texas,
Fort Worth.

March 7, 1985.

Robert J. Wilson & Associates, Inc., Robert J. Wilson, Burleson, for appellant.

Tim Curry, Dist. Atty. and David Chapman, Asst. Dist. Atty., Fort Worth, for appellee.

Before ASHWORTH, JOE SPURLOCK, II and HILL, JJ.

JOE SPURLOCK, II, Justice.

Appellant, Katrina Hurley Stone, was charged by information with the offense of driving while intoxicated. Public Beaches—Traffic Regulation—Speed and Driving While Intoxicated, ch. 682, sec. 3, 1979 Tex. Gen.Laws 1608, 1609, *amended by* Act of June 16, 1983, ch. 303, sec. 3, 1983 Tex.Gen. Laws 1568, 1574–77. Stone, upon a plea of not guilty, was found guilty by a jury which assessed her punishment at 30 days confinement in the Tarrant County Jail and a $500 fine (probated).

We reverse and remand.

Stone raises two grounds of error on appeal both of which challenge the court's charge to the jury. At trial, Stone, pursuant to TEX.CODE CRIM.PROC.ANN. art. 36.15 (Vernon Supp.1985), requested two special instructions to be given to the jury. The instructions were read into the record and the second instruction was also presented to the trial court in writing. Both instructions were refused and Stone now contends that such refusal was reversible error.

Ground of error one complains of the court's refusal to submit Stone's first requested instruction which stated:

When a chemical test is given and testimony concerning the result of the test are admitted into evidence, you may disregard the results of said test if you entertain a reasonable doubt as to whether or not the chemical test instrument was in good operating condition on the date in question, or to any question of accuracy of the test or the results thereof.

At trial, there was evidence presented which showed that the breath tube on the intoxilyzer used to test Stone had a small hole in it. In ground of error one, Stone contends that the machine was therefore not in good working order and that she was entitled to the above limiting instruction.

■ Further evidence showed that when the hole was discovered, the intoxilyzer was taken out of service and the breath tube replaced. The evidence also showed that such a hole might result in a lower test result but would not cause a higher test result. We find that the existence of the hole would, at most, affect the weight to be accorded to the intoxilyzer test results. *See Slagle v. State,* 570 S.W.2d 916 (Tex.Crim.App.1978).

The court's charge to the jury stated that the level of alcohol in the blood as shown by chemical analysis "merely raises a legal presumption that such person was under

the influence of intoxicating liquor". The jury was further charged in accordance with TEX.PENAL CODE ANN. sec. 2.05 (Vernon 1974):

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

\*   \*   \*   \*   \*   \*

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

■■■ We find that the requested instruction would constitute an impermissible comment on the weight of the evidence. We further find that the charge given adequately protected the rights of Stone. Stone's ground of error one is overruled.

In ground of error two, Stone argues that the court erred in not submitting her requested instruction as to whether or not probable cause existed at the time her vehicle was stopped by the arresting officer. Her requested instruction was:

You are instructed that before an officer is entitled to stop a moving vehicle, he must have probable cause to do so. In this case it is conceded that the only probable cause to stop the Defendant's vehicle was the fact that the Defendant supposedly was weaving in the highway. On the other hand, the Defendant and her witness testified that the Defendant was able to properly operate her motor vehicle on the occasion in question.

It is for you to determine at the outset of your deliberation whether or not Defendant's driving of her vehicle was such as the officer has described, and it is the burden of proof on the State in this regard that you must find the Defendant was driving as the officer indicates, beyond a reasonable doubt. In the event you are not satisfied beyond a reasonable doubt that the Defendant drove as the officer testified, then you will have no further evidence to consider, and you should bring in a verdict of acquittal.

At trial, the arresting officer testified that he stopped Stone's car because he had observed her driving in a "hazardous" manner. He testified that the car was weaving. Stone testified that at the time she was stopped she was not operating her car in an unusual or hazardous manner and that she was not weaving. Stone's ground of error two contends that the evidence raised the issue of lack of probable cause to stop her car.

In its supplemental brief, the State agrees there can be error in failing to instruct the jury pursuant to TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979), which states:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

In accordance with the highest standards of professional competency, the State has brought the above statute to this court's attention even though the appellant did not do so. The State, however, argues that the statute is inapplicable in this case because the requested charge was improper and in effect insufficient to put the court on notice. We disagree.

■■■ The evidence, although contradictory, was sufficient to raise the issue of lack of probable cause. Having objected to the charge, called the omission to the court's attention, and requested a charge, Stone was entitled to have the jury charged on the question of probable cause. *See Kelly v. State*, 669 S.W.2d 720 (Tex.Crim. App.1984); *Hall v. State*, 649 S.W.2d 627 (Tex.Crim.App.1983) and *Murphy v. State*, 640 S.W.2d 297 (Tex.Crim.App.1982). Al-

though the requested charge itself is not a proper charge, we find the request was sufficient to call the trial court's attention to the omission in the court's charge. *See Stiles v. State*, 520 S.W.2d 894 (Tex.Crim. App.1975). We hold that having knowledge of the omission in the charge, it was reversible error for the trial court to refuse to charge the jury on the issue of lack of probable cause to stop the vehicle. Stone's ground of error two is sustained.

Stone's conviction is reversed and the cause remanded to the trial court for further proceedings.